UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NEW YORK MARINE AND GENERAL
INSURANCE COMPANY,

                     Plaintiff,          Civil Action No.:

v.

                    **COMPLAINT FOR**
                    **DECLARATORY JUDGMENT**

ACCIDENT FUND INSURANCE COMPANY
OF AMERICA,

                     Defendant,
------------------------------------------------------------x

Plaintiff, New York Marine and General Insurance Company ("NY Marine" or "Plaintiff"), by its attorneys LONDON FISCHER LLP, states the following as and for its Complaint against Defendant, ACCIDENT FUND INSURANCE COMPANY OF AMERICA ("Accident Fund" or "Defendant").

## NATURE OF THE ACTION

1. In this action, NY Marine seeks a declaration that Accident Fund is obligated to reimburse NY Marine for reasonable post-tender defense costs and expenses in connection with Accident Fund's tender acceptance for defense and indemnity coverage without reservation relating to four related Underlying Actions in which 83 Owners LLC ("83 Owners"), Cauldwell-Wingate Company, LLC ("Cauldwell") and Torkian Group LLC ("Torkian") (collectively "Accident Fund Additional Insureds") were Defendants.

2. NY Marine incurred defense costs and expenses for Accident Fund's Additional Insureds until such time that Accident Fund acknowledged its contractual and coverage obligations.

2546815

3. Accident Fund had previously agreed to reimburse NY Marine for these post tender defense costs and expenses but then decided, without any factual or legal basis, that it no longer wanted to pay for the costs and expenses.

4. The four Underlying Actions that Accident Fund has already agreed to reimburse NY Marine for past costs and expenses, but has now refused to pay in direct contravention to New York law are:

    a) *Josefa Bermeo Cevallos v. 83 Owners LLC, Cauldwell-Wingate Company, LLC and Cauldwell-Wingate Holding Company, Inc.*, Supreme Court, Queens County; Index No. 720563/2023;

    b) *Kleber de la Cruz Olovacha v. 83 Owners LLC, Cauldwell Wingate Co LLC & Torkian Group LLC*, Supreme Court, Kings County; Index No. 517975/2023;

    c) *Nilser Tony Ramos Paisig v. 83 Owners LLC & Cauldwell-Wingate Company, LLC*, Supreme Court, Bronx County; Index No. 809388/2023E; and

    d) *Ander Vasquez Becerra v. 83 Owners LLC and Cauldwell-Wingate Company*, Supreme Court, New York County; Index No. 158021/2023.

("Underlying Actions")

5. NY Marine has been forced to incur defense costs and expenses because of Accident Fund's baseless refusal to reimburse NY Marine for said costs.

## PARTIES

6. NY Marine is an insurance company incorporated under the laws of New York and has its principal place of business in New Jersey. NY Marine is authorized to sell insurance in New York.

7. Accident Fund is an insurance company incorporated under the laws of Michigan, has its principal place of business in Michigan, is authorized to sell insurance in New York, and has conducted and continues to conduct substantial business in New York.

**JURISDICTION AND VENUE**

8. Subject matter jurisdiction is based upon 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 2201 because the action involves citizens of different states and the amount in controversy related to the Underlying Action exceeds the sum or value of $75,000, exclusive of interest and costs.

9. An actual controversy exists between the parties regarding their respective rights and obligations under the relevant Accident Fund policy of insurance.

10. Personal jurisdiction over Accident Fund is proper as it has its principal place of business in Michigan and conducts business in the State of New York.

11. Venue is proper under 28 U.S.C.A. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

**INSURANCE POLICY**

12. Accident Fund issued a Commercial General Liability Policy to its Named Insured, Glenco Contracting Group, Inc. ("Glenco"), bearing Policy # FTL1000061-01, effective from July 18, 2023 to July 18, 2024 ("Accident Fund Policy").

13. The Accident Fund Policy provides defense and indemnity coverage for "bodily injury" that takes place during its policy period and is caused by an accident.

14. The Accident Fund Additional Insureds qualify as Additional Insureds under the Accident Fund Policy on a primary and non-contributory basis.

15. Accident Fund has already acknowledged its obligation to provide defense and indemnity coverage on a primary and non-contributory basis to the Accident Fund Additional Insureds under the Accident Fund Policy.

2546815

**TENDERS**

16.     In each of the Underlying Actions, NY Marine tendered on behalf of the Accident Fund Additional Insureds to Accident Fund.

17.     In each of the Underlying Actions, Accident Fund agreed to provide defense and indemnity coverage to the Accident Fund Additional Insureds on a primary and non-contributory basis under the Accident Fund Policy.

18.     In each of the Underlying Actions, Accident Fund agreed to reimburse NY Marine for post tender defense costs and expenses that NY Marine had incurred in defending the Accident Fund Additional Insureds prior to Accident Fund finally accepting its contractual and coverage obligations.

19.     In each of the Underlying Actions, counsel assigned by NY Marine filed a Consent to Change Counsel to transfer the matter to Accident Fund's assigned counsel.

20.     In each of the Underlying Actions, NY Marine requested that Accident Fund reimburse NY Marine for reasonable costs and expenses incurred and paid by NY Marine post tender and up until the Underlying Action was transferred to Accident Fund's assigned counsel.

21.     In each of the Underlying Actions, Accident Fund refused to reimburse NY Marine for any reasonable post tender defense costs without cause or basis.

22.     Accident Fund knows this conduct is against black letter New York law and has decided to act in intentional bad faith, thus exposing itself to extra-contractual damages.

23.     Accident Fund knows it is acting in intentional bad faith because it did, in fact, reimburse NY Marine for past costs and expenses for a fifth related Underlying Action entitled, *Luis Juanito Uriarte Vilchez v. 83 Owners LLC & Cauldwell-Wingate Company, LLC*; Supreme Court, Bronx County; Index No. 814305/2022E ("Vilchez Action").

24. Accident Fund's actions and inactions are entirely incorrect and in direct contravention to New York law.

25. Accident Fund is acting in bad faith by refusing to reimburse NY Marine for past costs and expenses incurred in the Underlying Actions, especially as Accident Fund has already agreed to provide the Accident Fund Additional Insureds with defense and indemnity coverage on a primary and non-contributory basis without reservation.

26. An actual controversy exists between NY Marine and Accident Fund with respect to Accident Fund's obligation to reimburse NY Marine for reasonable post tender costs and expenses.

27. NY Marine has no adequate remedy at law.

**FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF**

28. Plaintiff repeats and re-alleges the allegations contained in paragraph "1" through paragraph "27'' as if fully set forth herein.

29. The Underlying Actions fall within coverage afforded by Accident Fund under the Accident Fund Policy.

30. Accident Fund has agreed to provide primary and noncontributory defense and indemnity coverage for the Accident Fund Additional Insureds for Underlying Actions and has agreed to reimburse NY Marine for all reasonable post tender defense costs and expenses.

31. Subsequent to this agreement, Accident Fund refused, without reason or legal basis, to reimburse NY Marine for all reasonable post tender defense costs and expenses.

32. NY Marine is entitled to a declaration that Accident Fund must reimburse NY Marine for all reasonable post tender defense costs and expenses incurred in defending the Accident Fund Additional Insureds in the Underlying Actions.

**SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT**

33.     Plaintiff repeats and re-alleges the allegations contained in paragraph "1" through paragraph "32" as if fully set forth herein.

34.     The Underlying Actions fall within coverage afforded by Accident Fund under the Accident Fund Policy.

35.     All terms and conditions of the Accident Fund Policy have been complied with and met.

36.     Accident Fund is obligated to reimburse NY Marine for reasonable post tender defense costs and expenses incurred in defending the Accident Fund Additional Insureds in the Underlying Actions under the Accident Fund Policy.

37.     Accident Fund has breached its obligations by refusing to reimburse NY Marine for reasonable post tender defense costs and expenses incurred in defending the Accident Fund Additional Insureds in the Underlying Actions under the Accident Fund Policy.

38.     As a result of Accident Fund's breach of its obligation to reimburse NY Marine for reasonable post tender defense costs and expenses incurred in defending the Accident Fund Additional Insureds in the Underlying Actions under the Accident Fund Policy, NY Marine has been required to incur defense costs and expenses that should have been incurred by Accident Fund.

39.     NY Marine has suffered and will continue to suffer damages on account of Accident Fund's refusal to reimburse NY Marine for reasonable post tender defense costs and expenses incurred  in defending the Accident Fund Additional Insureds in the Underlying Actions under the Accident Fund Policy.

2546815

40. Accident Fund is liable for any and all damages by virtue of its breach of its obligation to reimburse NY Marine for reasonable post tender defense costs and expenses incurred in defending the Accident Fund Additional Insureds in the Underlying Actions under the Accident Fund Policy.

### THIRD CAUSE OF ACTION FOR BAD FAITH

41. Plaintiff repeats and re-alleges the allegations contained in paragraph "1" through paragraph "40" as if fully set forth herein.

42. The Accident Fund Policy includes a covenant of good faith and fair dealing.

43. An insurer owes a duty of good faith and fair dealing when issuing and construing its insurance policies.

44. It is universally held law that an insurer must reimburse reasonable post tender defense costs and expenses upon accepting a tender for coverage.

45. Accident Fund is a sophisticated insurer and agreed to provide defense and indemnity coverage on a primary and non-contributory basis to the Accident Fund Additional Insureds in the Underlying Actions.

46. Accident Fund agreed to reimburse NY Marine for the post tender costs and expenses in the Underlying Actions.

47. Without cause or reason, Accident Fund then knowingly and wrongfully refused to reimburse NY Marine for these costs and expenses.

48. Without cause or reason, Accident Fund then knowingly and wrongfully refused to reimburse NY Marine for these costs and expenses, despite doing so in the related *Vilchez* Action.

49. Accident Fund is surreptitiously attempting to avoid its obligations covered under the plain language of the Accident Fund Policy and as held by the New York Courts.

53. As a result of Accident Fund's bad faith conduct, NY Marine continues to suffer damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment as follows:

a. Declaring that Accident Fund has a duty to reimburse NY Marine for reasonable post tender defense costs and expenses incurred in defending the Accident Fund Additional Insureds in the Underlying Actions under the Accident Fund Policy;

b. Awarding NY Marine all damages incurred by virtue of Accident Fund's breach of its obligation to reimburse NY Marine for reasonable post tender defense costs and expenses incurred in defending the Accident Fund Additional Insureds in the Underlying Actions under the Accident Fund Policy;

c. Awarding NY Marine extra-contractual damages against Accident Fund for Accident Fund's bad faith conduct in an amount to be determined on summary judgment or trial; and

d. Awarding attorneys' fees, costs and interest, and such other and relief as this Court may deem necessary and proper.

Dated: New York, New York
January 23, 2026

> LONDON FISCHER LLP
>
> /s/ *William J. Edwins*
> By: William J. Edwins
> Attorneys for Plaintiff
> NY Marine and General Insurance Company
> 59 Maiden Lane, 39th Floor
> New York, New York 10038
> (212) 972-1000
> Our File No.: 415.0567025

2546815